FILED

SEP 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES MARK HINKLEY,

              Plaintiff - Appellant,

v.

BERNARD WARNER; et al.,

              Defendants - Appellees.

No. 14-35603

D.C. No. 4:14-cv-05030-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

    Washington state prisoner James Mark Hinkley appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging Fourth and Eighth

Amendment claims arising out of a random urinalysis drug test. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Hinkley's Fourth Amendment claim because Hinkley failed to allege facts sufficient to show that his random urinalysis drug test was unreasonable.  *See Thompson v. Souza*, 111 F.3d 694, 702-03 (9th Cir. 1997) (setting forth factors to determine whether a search is reasonable under the Fourth Amendment and holding that a prisoner's non-random urinalysis drug test was a reasonable search).  Moreover, the district court properly dismissed Hinkley's challenge to the urinalysis policy because it concluded the policy was reasonably related to a legitimate penological interest.

The district court properly dismissed Hinkley's Eighth Amendment claim because Hinkley failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk of physical or mental harm to Hinkley when he was selected for a random urinalysis drug test.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (explaining that a supervisor is liable under § 1983 only if he is personally

involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

We reject Hinkley's contention that the district court failed to permit discovery.

Hinkley's contempt motion, cross-noticed in Appeal Nos. 14-35602 and 14-35603 and filed on January 2, 2015, is denied.

**AFFIRMED.**